
## No. 16
### LASCHIACZA, Adm., v. BLOOMINGTON (Village) and WOOSTER (City)
Ohio Appeals, 9th Dist., Wayne County

No. 759.    Decided Oct. 10, 1923

**225.  CHARGE TO JURY**—Judgment will not be reversed for erroneous charge as to one issue when there is a general verdict on all the issues.

WASHBURN, J.

### Epitomized Opinion
First Publication of this Opinion

Careno was riding in an automobile which was driven part way up a steep hill. The car turned over, killing him, and then backed down over an embankment. It was contended that this road was within the municipal corporations of both Wooster and Bloomington. In the answers the municipalities denied this allegation and contended that the accident was the result of the carelessness of the driver. There was some evidence that the road was in need of repair. The jury found for the municipalities, after the issues of whether the road was in the municipalities, whether the accident was caused by the negligence of the driver of the machine, or the negligence of the deceased, were submitted to them.

The court charged the jury that the municipalities were not charged with the duty of repairing the road unless it was within the municipalities and accepted by them as a public street. The court refused to charge that the County Commissioners had a right to establish and open up a road into a municipality, and if that was done it became a street of the municipality and the latter without accepting it was charged with the duty of keeping it in repair. The charge and refusal to charge were assigned as error. In affirming the judgment the Court of Appeals held:

1. "It has long been the law of this State that if the issues are such that a finding on either of them in favor of the successful party entitled him to a judgment rendered on the general verdict, such judgment will not be reversed for error in instructions of the court relating exclusively to the other issue. 107 O. S. 33.

Attorneys—J. O. Fritz, Wooster, for Laschiasza; W. J. Mougey, and Weygandt & Ross and Keen & Adair, Wooster, contra.

---

## No. 17
### LUFT v. BORZYKOWSKI
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4398.    Oct. 29, 1923
Cushing, Buchwalter and Hamilton, JJ., sitting

**297.  CONTRACTS**—Expert chemist employed by manufacturer of one process on percentage basis, after futile effort to correspond with employer, by assisting another manufacturer of same product by different process, is not engaged in competing business in breach of contract, preventing accounting.

HAMILTON, J.

### Epitomized Opinion
First Publication of this Opinion

Action for accounting and specific performance. Defendant, who owned patents and processes for the manufacture of artificial silk, entered into a contract with plaintiff, a chemist, in Germany in 1914, by which plaintiff was to co-operate in working out the processes of said manufacturing, in return for which defendant bound himself to pay plaintiff ten per cent of the benefits of every kind and description which defendant should receive from the utilization of said processes.

Plaintiff agreed not to participate in any competing undertaking. Later plaintiff entered the war service of the Red Cross in Germany. Defendant came to the United States and organized an artificial silk company which went bankrupt. Defendant then organized a new company and acquired large portions of stock in it.

In all his operations defendant received $50,000 in profit. At the close of the war plaintiff, who had continued his scientific investigations with reference to the manufacture of artificial silk, wrote many times to defendant for directions about his work, but received only evasive and unsatisfactory replies. Being in need he then entered the service of a company manufacturing artificial silk in Sweden. Later he came to the United States and brought this action for ten per cent of the benefits defendant had received in the business. The lower court gave a decree for plaintiff, from which defendant appealed to this court. Held:

1. Since the company in Sweden did not use the same processes as defendant and had no trade, plaintiff was not participating in a competing concern so as to commit a breach of the contract.

2. Even if there was a technical breach by plaintiff it was justified by defendant's conduct with reference to the contract. Also the accumulations of defendant all occurred before plaintiff entered the employ of the Swedish company. Decree that platintiff receive ten per cent of the stock owned by defendant in the silk company and $5,000, being plaintiff's share of defendant's money profit.

Attorneys—Doerfler & Kornhauser, for plaintiff; J. H. Holding and J. B. Keenan, all of Cleveland, for defendant.